UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYYA GRECHKO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALISTOGA SPA, INC., <br><br> Defendant. | Case No. 21-cv-06726-EMC <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** <br><br> Docket No. 30 |

Plaintiffs Mayya and Lyudmila Grechko brought this action asserting a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., as well as related state law claims, in response to Defendant Calistoga Spa's failure to provide the Plaintiffs with a rollaway bed during their stay at Defendant's hotel. Docket No. 18 ("FAC"). On February 1, 2022, this Court granted Defendant's motion to dismiss for lack of standing and declined to exercise supplemental jurisdiction over Defendant's related state law claims. Docket No. 28 ("Order"). The Court entered judgment in Defendant's favor on February 1, 2022. *Id.*

Presently before the Court is Defendant's motion for attorney's fees pursuant to 42 U.S.C. § 12205. Docket No. 30 ("Mot. for Fees"). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Civil Rule 7-1(b).

For the following reasons, the Court **DENIES** Defendant's motion for attorney's fees.

## I.  BACKGROUND

A. <u>Relevant Factual Allegations</u>

In June 2020, the Plaintiffs booked a six-day stay at Defendant's hotel. FAC ¶ 10. Availability at the hotel was limited, so the Plaintiffs had to book three different rooms. *Id.* They

planned on staying in each room for two days to amount to a continuous six-day trip. *Id.* The last room they stayed in during their six-day stint at the hotel was one of the hotel's two queen suites. Docket No. 21 ("MTD Opp.") at 5; Docket No. 27 ("Grechko Decl.") ¶ 7.

While staying in the hotel's queen suite, Plaintiffs requested a rollaway bed. FAC ¶ 11. Plaintiffs had added their two children to the final room reservation and would need an additional bed so that they could each sleep in a separate bed. MTD Opp. at 5. Plaintiff Mayya Grechko alleged that she is "diagnosed with chronic shoulder sprain, low back sprain, cervical sprain, degenerative disc disease, degenerative arthritis of wrists and thumbs and myofascial pain syndrome." FAC ¶ 5. Her conditions make it "impossible for her to share a bed with another person." *Id.* Plaintiff Lyudmila Grechko, Mayya's daughter, suffers from injuries to her shoulders that do not allow her to sleep on her side. *Id.* ¶ 6. As a result, Plaintiff Lyudmila Grechko alleges she is also unable to share a bed with another person. *Id.*

A hotel employee at the front desk denied the rollaway bed request, and allegedly informed the Plaintiffs that the room could not accommodate a rollaway bed. *Id.* ¶ 16. Plaintiff Lyudmila Grechko explained to the employee that she had been staying at the hotel for years and "always" stayed in that same suite with her children on the sofa bed, Plaintiff Mayya Grechko on the regular bed, and herself on the rollaway bed. *Id.* But the employee allegedly continued to decline to provide a rollaway bed. *Id.* As a result, the Plaintiffs chose to cut their stay short. *Id.* ¶¶ 18-19. As the Plaintiffs left the hotel, Defendant claims that Plaintiffs told the hotel staff "I'm going to sue you, expect a call from my lawyer." Docket No. 20 ("Lennon Decl.") at 4. Several months later, Plaintiffs filed suit against Defendant for violation of the ADA and California law. Docket No. 1.

B.  Procedural Background

Defendant filed a motion to dismiss the initial complaint. Docket No. 12. Rather than responding to the motion, the Plaintiffs filed an amended complaint which Defendant again moved to dismiss. Docket No. 20. At the hearing on the second Motion to Dismiss, the Court allowed the parties to submit supplemental jurisdictional facts to the Court. Docket No. 25. Plaintiff Lyudmila Grechko and her sister, Elena Kagan, submitted supplemental declarations roughly a

1  week later.  Docket No. 27-2, Exh. E ("Kagen Decl.").

2  Based on these declarations, along with the parties' briefing, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction over the Plaintiffs' ADA claim.  Order at 10.  The Court declined to exercise supplemental jurisdiction over the Plaintiffs' state law claims.  *Id.*

In dismissing the suit, the Court held that the Plaintiffs had failed to allege a "real and immediate threat of repeated injury"—a requirement to seek injunctive relief under the ADA— because they did not point to facts suggesting that Plaintiffs would be denied a rollaway bed during future stays at the hotel.  *Id.* at 8.  Rather, "[t]he supplemental evidence that [the Plaintiffs] [] provided confirm[ed] that [the Plaintiffs'] experience at the hotel on June 30, 2021 was an unfortunate one-off event."  *Id.*  Defendant subsequently filed the instant motion seeking $20,625 in attorney fees.  Mot. for Fees at 2.

## II.   LEGAL STANDARD

"[I]n order to encourage private enforcement of the law[,] Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir.2008).  Under Title III of the ADA, "the court or agency, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee, including litigation expenses, and costs. . . ."  42 U.S.C. § 12205.  "While either Plaintiffs or Defendants may qualify as prevailing parties, fee awards to Defendants should be reserved for exceptional circumstances, lest they have a chilling effect on the filing of ADA lawsuits by Plaintiffs."  *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1037 (E.D. Cal. 2004), aff'd, 151 Fed.Appx. 549 (9th Cir. 2005); *see also Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) ("while prevailing Plaintiffs regularly recover their fees, policy considerations which support the award of fees to a prevailing Plaintiff are not present in the case of a prevailing Defendant").  Such exceptional circumstances include complaints that are "frivolous, unreasonable," vexatious, or made in bad faith.  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015).

### III. DISCUSSION

It is undisputed that Defendant is the prevailing party, as is required to receive fees under the ADA. The Court thus must determine whether the Plaintiffs' actions were frivolous, unreasonable, vexatious, or in bad faith such that they justify an award of attorney fees. *Bed Bath & Beyond of Cal., LLC*, 780 F.3d at 1266.

Defendant argues that it should be awarded attorney fees for four reasons: (1) the suit was frivolous and unreasonable because Plaintiffs had no basis to assert that they were likely to experience an immediate threat of future injury; (2) even if the Plaintiffs had a reasonable basis for filing the suit, it was frivolous and unreasonable for Plaintiffs to continue pursuing the case after Defendant filed its second motion to dismiss which pointed out that Plaintiffs failed to allege an immediate threat of future injury; (3) the Plaintiffs failed to plausibly allege that they each had a disability, and therefore the suit was an "abjectly frivolous claim;" and (4) the initial filing of this suit, and the Plaintiffs' decision to file an amended complaint rather than respond to Defendant's first motion to dismiss, were both done vexatiously and in bad faith. Mot. for Fees at 10-12. The Court disagrees with Defendant on all grounds.

A. Frivolous and Unreasonable

A claim is frivolous "when the result is obvious or the ... arguments of error are wholly without merit." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Circ. 2015) (citation omitted). In other words, attorney fees for defendants should only be granted when the complaint was brought "without foundation." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 420 (1978). A claim that was dismissed for lack of standing—as here—is considered frivolous when the plaintiff "had no reasonable foundation on which to bring the suit" or the plaintiff "knew or should have known that the Court would not have jurisdiction" after further factual development. *Strojnik v. Portola Hotel, LLC*, No. 19-CV-07579-VKD, 2021 WL 4172921, at *2 (N.D. Cal. Sept. 14, 2021).

1. Bringing the Suit Was Not Frivolous or Unreasonable

Defendant first argues that the Plaintiffs' suit was frivolous and unreasonable because the Plaintiffs had no factual basis to establish standing prior to filing their suit. A plaintiff claiming

4

discrimination under Title III must show that there is "a sufficient likelihood that he [or she] will be wronged again in a similar way" to establish standing. *Fortyune v. City of Lomita*, 766 F.3d 1098, 1081 (9th Cir. 2014). Defendant contends that there was no arguable basis for Plaintiffs to allege that they would be denied a roll away bed in the future because, moving forward, Plaintiffs could simply reserve an additional room to ensure that every individual in their family had a bed. Mot. for Fees at 11. Since Plaintiffs could avoid the problem in the future by reserving an additional room in advance of their stay, there was no threat that they would not have enough beds when staying at the hotel in the future. *Id.*

The Court, however, does not agree that there was "no arguable basis" to allege a threat of repeated injury. In their supplemental declaration submitted to the Court after the hearing on the motion to dismiss, Plaintiffs pointed out that they preferred to stay in one of the hotel's queen suites and were denied a rollaway bed specifically for that room. Grechko Decl. ¶¶ 9, 15. Plaintiffs alleged that they had been provided a rollaway bed when they had stayed in the hotel's queen suites in the past. *Id.* ¶ 14. Accordingly, the Plaintiffs feared that when booking a reservation for four individuals in the future, they would no longer be able to book their preferred queen suite because their rollaway bed request would be denied. *Id. ¶¶ 12-14*. In other words, there was at least an arguable basis that the Plaintiffs would be denied the specific accommodation of a rollaway bed in the queen suite the next time they booked a four-person reservation at the hotel. *Id.* Whether offering a different room other than the particular queen suite to accommodate Plaintiffs' needs would satisfy the ADA raises at least an arguable issue.

The standard for finding an action frivolous or unreasonable is high. *See Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) ("Fees are not awarded as a matter of course to prevailing defendants, and should only be awarded under exceptional circumstances."). For example, "[d]istrict courts in the Ninth Circuit have based decisions to award attorney fees [to defendants] on a variety of factors, including (1) a predominance of meritless claims, (2) circumstances suggesting the action was initiated for the purpose of extracting a quick settlement, (3) prolific litigiousness, [and] (4) boilerplate pleadings." *Chapman v. Pismo Food Store*, No. 215CV02373SVWAGR, 2016 WL 11520381, at *4 (C.D. Cal. Sept. 1, 2016). Filing a complaint

5

1  that asserted a weak legal theory that did not prevail does not establish that Plaintiffs' complaint
2  was "boilerplate" or that they filed the suit "for the purpose of extracting a quick settlement."
3        Rather, as described above, the Plaintiffs had an argument—albeit one with weak factual
4  support—that there was a threat of future injury. Attorney fees should not be awarded simply
5  because a plaintiff did not ultimately prevail on her argument. *Bed Bath & Beyond of Cal., LLC*,
6  780 F.3d at 1266-67; *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (noting that "[t]he fact that a
7  plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of
8  fees"). Accordingly, Plaintiff's suit was not sufficiently frivolous or unreasonable to warrant fees.

      2.      <u>Failing to Recognize that the Court Lacked Subject Matter Jurisdiction and Continuing to Litigate the Complaint Was Not Frivolous or Unreasonable</u>

      Even if the Plaintiffs had an arguable basis to allege that there was a risk of repeated injury when they initially filed the suit, Defendant argues it was frivolous and unreasonable for the Plaintiffs to pursue the case after Defendant filed its first and second motions to dismiss. Mot. for Fees at 11-12. Defendant contends that the Plaintiffs were made aware that they had failed to allege a threat of repeated injury because both of Defendant's motions pointed out that the complaint did not adequately allege subject matter jurisdiction. *Id.* Contrary to Defendant's contention, however, the Plaintiffs were not required to voluntarily dismiss their action in response to arguments that Defendant made in its motions.

      Courts have held that it is frivolous and unreasonable for a plaintiff to continue litigating a claim when the plaintiff knows that his complaint is factually insufficient. *See, e.g.*, *Peters*, 320 F.Supp.2d at 1037; *Schutts v. Bently Nevada Corp.*, 966 F.Supp. 1549, 1557 (D.Nev.1997). Whether a plaintiff knows his complaint is factually insufficient is typically evidenced by the plaintiff's own affirmative statements. For example, the court in *Love v. Kardooni*, No. 19-CV-04706-MMC, 2021 WL 4481928 (N.D. Cal. Sept. 30, 2021) granted defendant's motion for fees when the plaintiff *admitted* in a joint case management statement that the complaint was factually insufficient but proceeded to pursue the claim anyways. *Id.* at *3.

      Here, there is no evidence to suggest that the Plaintiffs knew or believed their complaint was factually insufficient after Defendant filed its motions to dismiss. Rather, Defendant argues

6

that the Plaintiffs *should have known* that their complaint was insufficient after reviewing Defendant's motions. However, the Plaintiffs were not required to accept Defendant's argument that the complaint lacked a sufficient basis for subject matter jurisdiction. *Love*, 2021 WL 4481928, at *2; *see also Palmer v. Chelsea Fin. P'ship, LP*, 423 F. Supp. 2d 1092 (E.D. Cal. 2006) (holding that plaintiff's failure to dismiss her suit after defendant informed her that it had already reached a worldwide settlement which mooted plaintiff's ADA claim did not justify an award of attorney fees to defendant). That Plaintiffs' claims were not entirely frivolous underscores this point. Accordingly, the Plaintiffs' decision to reject Defendant's argument and continue pursuing the case in response to Defendant's motions to dismiss was not frivolous or unreasonable.

### 3. The Plaintiffs' Allegations Regarding their Purported Disabilities Were Not Frivolous or Unreasonable

Defendant also argues that the Plaintiffs' complaint was frivolous and unreasonable because the Plaintiffs failed to plausibly allege that they have a cognizable disability under the ADA. Mot. for Fees at 11. The Court, however, did not address whether the Plaintiffs' disability was cognizable under the ADA in its order granting Defendant's motion to dismiss. Holding that the Plaintiffs' claims were frivolous and unreasonable because they failed to allege a cognizable disability would require this court to revisit the merits of the Plaintiffs' case—something that a court cannot do on a motion for attorney's fees. *See Bed Bath & Beyond of California, LLC*, 780 F.3d at 1266 (cautioning courts from engaging in post hoc reasoning). Since this Court did not address the issue of whether the Plaintiffs' disability was cognizable under the ADA when ruling on Defendant's motion to dismiss, it will not consider the issue on this motion for attorney's fees.

For the foregoing reasons, Defendant has failed to establish that the Plaintiffs' suit was frivolous or unreasonable for the purposes of awarding attorney fees. The Court now turns to whether the Plaintiffs' actions were vexatious or committed in bad faith.

### B. Vexatious and in Bad Faith

Defendant further argues that it should be awarded fees because the Plaintiffs acted vexatiously and in bad faith on two separate occasions. Mot. for Fees at 12-13. First, Defendant

7

argues that the Plaintiffs filed their suit for the sole purpose of harassing Defendant. *Id.* at 12. Second, Defendant contends that later in the litigation the Plaintiffs chose to file an amended complaint, rather than responding to Defendant's first motion to dismiss, solely to delay the Court's ruling on the motion. *Id.* at 13. Neither of these occurrences rises to the level of "vexatiousness" or "bad faith" that would justify the award of attorney fees to a defendant.

1. <u>Plaintiffs' Statement as They Left the Hotel Does Not Render the Suit Vexatious</u>

Defendant contends that the statement Plaintiffs made to the hotel staff as they left the hotel demonstrate that the Plaintiffs' filed the suit to harass Defendant. *Id.* at 12. *See* Lennon Decl. at 4 (Plaintiffs allegedly yelled "I'm going to sue you, expect a call from my lawyer" as they left the hotel). This threat, however, does not render the suit vexatious for the purpose of awarding attorney fees.

"A vexatious suit is a lawsuit instituted maliciously and without good cause." *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004). An example of a vexatious ADA suit is one that was filed "as part of a scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlement." *Id.* at 864. The Plaintiffs' alleged statement as they left the hotel does not suggest that they were intending to pressure Defendant to enter into a cash settlement nor that the Plaintiffs were known for filing baseless ADA suits as part of a larger scheme to procure settlements. Rather, the Plaintiffs filed this suit after having an upsetting experience at Defendant's hotel. Since the Plaintiffs had at least an arguable basis for their claims against Defendant, and there is no evidence that they filed the complaint as part of a scheme, *e.g.*, of systematic extortion, the suit was not vexatious.

2. <u>Filing an Amended Complaint in Response to Defendant's First Motion to Dismiss Does Not Rise the Level of Bad Faith</u>

Defendant further argues that the Plaintiffs' decision to amend their complaint, rather than responding to Defendant's first motion to dismiss, was done in bad faith. This argument lacks merit. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). For example, in *Advocates for Individuals*

8

*with Disabilities, LLC v. MidFirst Bank*, the court held that a plaintiff and his attorney acted in bad faith when they continued to pursue attorney fees under Title III of the ADA *after* the defendant had cured the barrier at its establishment, mooting the claim. No. CV-16-01969-PHX-NVW, 2018 U.S. Dist. LEXIS 123795, at *14 (D. Ariz. July 24, 2018).

Unlike *Advocates for Individuals with Disabilities, LLC*, the Plaintiffs' counsel did not attempt to pursue a claim after it had become clearly moot. Plaintiffs' counsel simply filed an amended complaint in response to Defendant's first motion to dismiss, which is not an uncommon occurrence. Plaintiffs had a right to amend their complaint under Fed. R. Civ. P. 15(a)(1).

Accordingly, Plaintiffs have not acted in bad faith or vexatiously, justifying an award of attorney fees to Defendant.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's motion for attorney's fees. This order disposes of Docket No. 30.

**IT IS SO ORDERED**.

Dated: April 19, 2022

_____
EDWARD M. CHEN
United States District Judge